David v David (2021 NY Slip Op 02784)





David v David


2021 NY Slip Op 02784


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-14356
 (Index No. 710805/17)

[*1]Zachary David, etc., et al., respondents,
v
Dimitri F. David, et al., defendants; Horizon Blue Cross Blue Shield of New Jersey, nonparty-appellant.


Tansey Tracy LLC, Staten Island, NY (James N. Tracy of counsel), for nonparty-appellant.
Henry W. Davoli, Jr., Rockville Centre, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., nonparty Horizon Blue Cross Blue Shield of New Jersey appeals from an infant compromise order of the Supreme Court, Queens County (Rudolph E. Greco, J.), entered November 13, 2018. The infant compromise order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for a declaration that the lien and subrogation claim asserted by nonparty Horizon Blue Cross Blue Shield of New Jersey was not enforceable against the infant plaintiff's settlement proceeds.
ORDERED that the infant compromise order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiffs' motion which was for a declaration that the lien and subrogation claim asserted by nonparty Horizon Blue Cross Blue Shield of New Jersey was not enforceable against the infant plaintiff's settlement proceeds is denied, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended infant compromise order in accordance herewith.
The infant plaintiff was injured in an automobile accident and, after this personal injury action was commenced, sought the Supreme Court's approval to accept the defendants' offer to settle his claim for the policy limit of the defendants' insurance policy of $300,000. The appellant, which is the administrator of the employee benefit plan for the employer of the infant plaintiff's mother, sought to enforce a subrogation lien in the sum of $108,008.10, for the sums the plan paid for medical bills for the infant plaintiff arising out of the accident, against the settlement proceeds. The appellant contended that New York's anti-subrogation statute, General Obligations Law § 5-335, was preempted because the employee benefit plan at issue was a self-funded plan governed by the Employment Retirement Income Security Act of 1974 (29 USC § 1001 et seq. ; hereinafter ERISA). The Supreme Court disagreed, and in the infant compromise order appealed from, held that the subrogation lien was unenforceable against the settlement proceeds. We reverse.
The governing document of the employee benefit plan at issue states, inter alia, that the purpose of the plan was to provide coverage for medical expenses which are not covered by another source, and that, therefore, when health care expenses arise through an act or omission of [*2]another person, the person covered by the plan or his or her dependent agrees to reimburse the plan for plan benefits received out of any monies recovered in a lawsuit or settlement against that other person. The plan's governing document also expressly states that the right to subrogation will not be affected or reduced by the "make whole" doctrine or any other equitable defense.
While General Obligations Law § 5-335 precludes health insurers from seeking reimbursement out of an insured's tort action settlement, that statute is preempted by ERISA in the instance of self-funded plans, which are not deemed to be insurers or insurance companies (see Wurtz v Rawlings Co., LLC , 761 F3d 232, 241 n 6 [2d Cir], cert denied , 574 US 1153; Cognetta v Bonavita , 330 F Supp 3d 797, 805 [ED NY]; Iron Workers Locals 40, 361 & 417 Health Fund v Dinnigan , 911 F Supp 2d 243, 253 [SD NY]). Here, the appellant established that the employee benefit plan at issue was self-funded, in that it does not purchase an insurance policy from an insurance company in order to satisfy its obligations to plan participants. As such, it was error to hold that the subrogation lien was unenforceable against the infant plaintiff's settlement proceeds.
The plaintiffs' remaining contentions are without merit.
MASTRO, A.P.J, RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court